```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSE CRESPO,                    :   CIVIL ACTION
                                :   NO: 06-4651
     Plaintiff,                 :
                                :
     v.                         :
                                :
SHIRLEY LAWS-SMITH, et al,      :
                                :
     Defendants.                :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              May 18, 2007

       This is a suit instituted by a prisoner against various health workers (nurses and doctors), and administrative officers at SCI-Chester and Pennsylvania Department of Corrections, after Plaintiff claims he was wrongfully transferred to SCI-Graterford, after instituting formal complaints of the prison health treatment he received at SCI-Chester when repeatedly contracting MRSA[1].  Before the Court is Plaintiff's motion for appointment of counsel.  Having weighed the factors set forth in <u>Tabron v. Grace</u>, 6 F.3d 147, 153 (3d Cir. 1993), Plaintiff's motion for appointment of counsel is granted.

---

[1] Methicillin-resistant Staphylococcus aureus (MRSA) is a specific strain of the Staphylococcus aureus bacterium that has developed antibiotic resistance to all penicillins, including methicillin and other narrow-spectrum ß-lactamase-resistant penicillin antibiotics.  <u>Wikipedia</u> definition, <u>available at</u> <u>http://en.wikipedia.org/wiki/MRSA.</u>  Plaintiff claims he suffered from MRSA in the form of puss filled bumps on various parts of his skin.

I.   BACKGROUND

Plaintiff brings suit against 14 defendants for what he contends was unsanitary conditions resulting in his contraction of a serious infection.  He claims he was subsequently transferred, from SCI-Chester to SCI-Graterford, in retaliation for filing official prison grievances.

Plaintiff claims that while incarcerated at SCI-Chester, he contracted MRSA infections, manifesting themselves in puss-filled bumps covering various portions of his skin.  On several occasions he received medical treatment for the bumps, the pain associated with the ailment, and a fever.  As a result, Plaintiff filed official prison grievances based on the fact that 1) he was repeatedly reinfected with the condition, and 2) he was being charged for each medical treatment, despite believing it was a chronic treatment for which he should have been charged only once.

According to Plaintiff, in order to silence him about the MRSA infections and the conditions surrounding it, the prison officials transferred him to SCI-Graterford, using a prison skirmish he was in with another inmate as a pretext for the transfer.

Plaintiff seeks: (1) nominal, compensatory and punitive damages for injuries he suffered due to the MRSA infections; (2) nominal, compensatory and punitive damages for retaliatory transfer and Due Process violations; (3) compensatory and

punitive damages for emotional embarrassment, pain and suffering as a result of MRSA and the loss of his pre-release status; (4) reasonable attorney's fees and litigation costs; (5) an order expunging Plaintiff's misconduct from prison records;[2] and (6) an injunction to stop defendants from further acts of relation.

II.  DISCUSSION

> Plaintiff's Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel, or in the alternative, for representation from another (non-lawyer) prisoner, Kenneth Davenport.[3]

The Court has broad discretion when determining if indigent civil litigants should be appointed counsel. Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002). In Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), the Third Circuit set forth the criteria the district court should use when determining if it is appropriate to appoint counsel. As a threshold matter, the Court must first determine if the Plaintiff's case has "some arguable merit in fact or law." Id. at 155. Once this is

---

[2] According to the complaint, Plaintiff did not participate in the skirmish which formed the basis of his transfer. In fact, he claims that the perpetrator of the skirmish wrote a letter to prison officials which should have exonerated him from any wrongdoing.

[3] It appears that Kenneth Davenport has drafted all of Plaintiff's filings thus far. See Decl. of Kenneth Davenport ¶ 11, attached to Plf's Mot. for Appointment of Counsel (doc. no. 24).

determined, the Court then assesses the following:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
> (4) the plaintiff's capacity to retain counsel on his or her own behalf;
> (5) the extent to which a case is likely to turn on credibility determinations, and;
> (6) whether the case will require testimony from expert witnesses.

Id. at 155-57.

Upon examination of the above factors, the Court is satisfied that it is appropriate to appoint Plaintiff counsel at this time. Because Plaintiff's case appears to have some arguable merit in fact or law, he has hurdled the initial threshold. Beyond that, it appears that Plaintiff has little ability to present his own case.[4] Attached to his motion for appointment of counsel is a memorandum allegedly from the

---

[4] During a telephone initial pretrial conference held in the matter on May 18, 2007, the Court questioned Plaintiff as follows: age, date of birth, place of birth, level of education, ability to read, write and understand the English language, proficiency in other languages, prior work experience, prior litigation experience, access to a law library, legal assistance at the institution, and mental and physical illness and disabilities. Plaintiff explained that he is thirty years old and graduated from Edison High School in Philadelphia where he was in a special education program. While Plaintiff appeared more than competent to speak and understand the English language, he claimed that he is unable to read or write. Apart from his work while incarcerated, Plaintiff informed the Court that he has never held a job and has been on disability since his childhood. He has access to a law library at the institution. Regarding his filings thus far, Plaintiff has enjoyed the assistance of a fellow inmate, Mr. Kenneth Davenport.

principal at Edison High School stating that in 2002 Mr. Crespo was shown to read at a 2.6 grade equivalent level.  In addition, Plaintiff's complaint raises complicated claims of retaliation which would be difficult for him to effectively argue.  Furthermore, it appears that a significant factual investigation that will have to take place in order to adequately present Plaintiff's claims.  Finally, given that Plaintiff's claims involve allegations of unsanitary prison conditions and the fact that he repeatedly contracted a specific, treatment-resistant bacterial infection, the presentation of Plaintiff's case may require the use of expert testimony.  For all the above reasons, Plaintiff's motion for appointment of counsel is granted.

      Plaintiff's request, however, that a fellow prisoner represent him is denied.  It is well-settled that a non-lawyer may not represent another person in court.  See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule.").

      An appropriate Order follows.

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JOSE CRESPO,                        :
                                    :
      Plaintiff,                    :
                                    :   CIVIL ACTION
      v.                            :   NO: 06-4651
                                    :
SHIRLEY LAWS-SMITH, et al,          :
                                    :
      Defendants.                   :
```

**O R D E R**

AND NOW, this **18th** day of **May, 2007**, after conducting an initial pretrial conference in which Plaintiff participated by telephone, and for the reasons set forth in the accompanying Memorandum, it is hereby **ORDERED** that Plaintiff's motion for appointment of counsel (doc. no. 24) is **GRANTED**.  The Clerk of Court shall proceed to identify an attorney from the Prisoners' Civil Rights Panel who will undertake the representation of Plaintiff in this case.

**IT IS FURTHER ORDERED** that the matter is placed in **SUSPENSE** until counsel has been appointed or upon further order of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion to depose Plaintiff (doc. no. 17) is **DENIED without prejudice.**  Defendants may renew the motion to depose once the case is restored to the active docket.

**AND IT IS SO ORDERED.**

                                            S/Eduardo C. Robreno
                                            **EDUARDO C. ROBRENO, J.**